**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Deborah Lynne Cook | * | |
| | | Case No. 2:19-cv-1161 |
| Plaintiff, | * | |
| | | Judge |
| v. | * | |
| | | Magistrate Judge |
| Mount Carmel Health System | * | |
| c/o CT Corporation System | | **COMPLAINT** |
| 4400 Easton Commons Way, Suite 125 | * | |
| Columbus, Ohio 43219 | | **JURY DEMAND ENDORSED HEREON** |
| | * | |
| Defendant. | | |

Now comes Deborah Lynne Cook ("Plaintiff" or "Cook") and proffers this Complaint for damages against Mount Carmel Health System ("Defendant" or "MCHS") as follows:

**I. JURISDICTION AND VENUE**

1. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2. Venue is proper in the Southern District of Ohio because MCHS is subject to personal jurisdiction in this District, maintains a place of business in this District, 28 U.S.C. § 1391(c), and makes employment decisions regarding individuals residing in this District. 28 U.S.C. § 1391(b).

**II. THE PARTIES**

3. Plaintiff is a citizen of the United States and resides in the Southern District of Ohio. Further, at all times material herein Cook is a "consumer" as defined by 15 U.S.C. § 1681a.

4. MCHS is a for-profit corporation organized under the laws of the State of Ohio. At all times relevant hereto, MCHS was doing business and providing healthcare services in the Southern District of Ohio.

5. Further, MCHS is a "person" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers," in the Southern District of Ohio as those terms are defined by 15 U.S.C. § 1681a.

### III. STATEMENT OF FACTS

6. Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer credit report information by consumer reporting agencies ("CRAs"), including public record information.

7. Additionally, the FCRA mandates conditions, procedures, and limitations on the use of consumer reports for employment purposes by prospective employers and other individuals.

8. Cook had been employed by Mt. Carmel Health System ("MCHS") as a registered nurse ("RN") from July 2000 until February 2, 2019. From approximately July 2000 until August 2016, Cook worked at Mt. Carmel East Hospital before she transferred to Mt. Carmel West Hospital Behavioral Health in or around August 2016 until February 2019.

9. Upon information and belief, Acadia Healthcare Company, Inc. ("Acadia") partnered with Mt. Carmel West Behavioral Health.

10. Plaintiff and all of Mt. Carmel West Hospital Behavioral Health's behavioral health employees were told that their employment would terminated if they did not have another position with MCHS or otherwise transfer to Acadia. Consequently, Plaintiff applied for positions with MCHS and she also applied for employment with Acadia. As part of the application process for Acadia, it disclosed that it required a consumer report to be pulled. Acadia received Plaintiff's consent to procure a consumer report.

11. On January 22, 2019, Cook received a text message from MCHS Nurse Manager Sharon Hawk-Carpenter ("Sharon") inquiring whether she had any outstanding parking tickets

because her background check with Acadia was "hanging out" and had not been received by Acadia.

12. On January 24, 2019, MCHS Nurse Manager Sharon Hawk-Carpenter ("Sharon") informed Plaintiff that there was an issue with her consumer report and Plaintiff would not be hired with Acadia, but she did not know the exact details why this adverse employment decision had been made by Acadia. Sharon further informed Plaintiff that she would eventually receive a copy of the consumer report Acadia used to make its adverse employment decision, but she was unsure when Plaintiff would receive it.

13. When Plaintiff learned that Acadia did not intend to hire her, she applied for two additional positions with MCHS – a casual flex choice position and the pallative home health position.

14. On January 31, 2019, Sharon called Plaintiff and told her that Acadia sent a copy of the consumer report to MCHS's Mt. Carmel West Hospital and Plaintiff was suspended with pay because of the information contained in the consumer report. At this point, neither Sharon nor Plaintiff received a copy of the consumer report.

15. On February 1, 2019, Plaintiff received a letter <u>from Acadia</u> that accompanied a copy of the consumer report that Acadia used to make its employment decision not to hire her. The letter stated that "adverse action may be taken due to the information received from a consumer reporting agency" and Plaintiff had already been informed that Acadia did not intend to hire her.

16. The consumer report contained obvious errors and entries related to Deborah Lynn Cook, a podiatrist, that had a felony controlled substance conviction and who had been excluded from participation in all Federal health care programs. The fact that the incorrect information included in the consumer report did not apply to Plaintiff is rather clear. At that time MCHS had

improperly procured the consumer report, she had been employed by MCHS as a RN for 18 years. Plaintiff has never: (1) been a podiatrist or had a specialty in podiatry; (2) been convicted of a crime, let alone a felony for controlled substance; (3) spells her middle name Lynne, not Lynn; (4) had any legitimate disciplinary action against her professional license.

17. On February 2, 2019, MCHS terminated Plaintiff's employment.

18. The applications Plaintiff submitted for the MCHS positions were halted. MCHS told Plaintiff she needed to address the contents of her consumer report before she would be eligible for consideration for employment. In addition, MCHS informed Plaintiff if she decided to apply for employment once the contents of the consumer report were addressed, she would have to do so as an external candidate.

19. Despite the obvious and clear errors in the consumer report that MCHS unlawfully obtained, MCHS suspended Plaintiff, terminated her employment, and informed her that she was ineligible for employment until the consumer report was corrected.

20. MCHS never disclosed that it would be obtaining a consumer report.

21. MCHS never received Plaintiff's consent for it to receive a consumer report.

22. MCHS never provided a copy of the Summary of Rights under the FCRA or a copy of the consumer report before taking adverse action (or at all).

23. Defendant's violations of the FCRA were willful, wanton and reckless in that MCHS knowingly or recklessly disregarded its statutory duty to comply with the requirements of the FCRA.

24. Title 15 U.S.C. § 1681n(a) permits a consumer to recover statutory damages, along with attorney fees and costs for willful violations of the FCRA.

### IV. CAUSES OF ACTION

#### FIRST CAUSE OF ACTION
#### FAILURE TO PROVIDE A CLEAR AND CONSPICUOUS WRITTEN DISCLOSURE THAT A CONSUMER REPORT MAY BE OBTAINED FOR EMPLOYMENT PURPOSES

25. All of the preceding paragraphs are realleged as if fully rewritten herein.

26. MCHS willfully violated 15 U.S.C. § 1681b(b)(2)(A)(i) by failing to provide a clear and conspicuous written disclosure before the report is procure that a consumer report may be obtained for employment purposes.

27. Indeed, MCHS never provided a written disclosure that it intended to obtain a consumer report of Plaintiff for any purpose.

28. Plaintiff seeks statutory damages for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

29. Plaintiff also seeks punitive damages, attorney fees and costs for this violation pursuant to 15 U.S.C. § 1681n(a)(2), (3).

#### SECOND CAUSE OF ACTION
#### FAILURE TO OBTAIN CONSENT TO PROCURE CONSUMER REPORT

30. All of the preceding paragraphs are realleged as if fully rewritten herein.

31. MCHS willfully violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by failing to obtain Plaintiff's written authorization for MCHS to receive the consumer report.

32. Indeed, MCHS never received written consent from Plaintiff to obtain a consumer report of Plaintiff.

33. Plaintiff seeks statutory damages for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

34. Plaintiff also seeks punitive damages, attorney fees and costs for this violation pursuant to 15 U.S.C. § 1681n(a)(2), (3).

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE PRE-ADVERSE ACTION NOTICE – COPY OF REPORT

35. All of the preceding paragraphs are realleged as if fully rewritten herein.

36. MCHS willfully violated 15 U.S.C. § 1681b(b)(3)(A)(i) by failing to provide within a reasonable amount of time a copy of the consumer report used to make an employment decision to Plaintiff before taking adverse action that was based in whole or in part on that report.

37. Indeed, MCHS never provided Plaintiff with a copy of the consumer report upon which it relied to make employment decisions.

38. Plaintiff seeks statutory damages for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

39. Plaintiff also seeks punitive damages, attorney fees and costs for this violation pursuant to 15 U.S.C. § 1681n(a)(2), (3).

### FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE PRE-ADVERSE ACTION NOTICE – SUMMARY OF RIGHTS

40. All of the preceding paragraphs are realleged as if fully rewritten herein.

41. MCHS willfully violated 15 U.S.C. § 1681b(b)(3)(A)(ii) by failing to provide within a reasonable amount of time a copy of the summary of rights required by this section to Plaintiff before taking adverse action that was based in whole or in part on a consumer report.

42. Indeed, MCHS never provided Plaintiff with a copy of the Summary of Rights as required under the FCRA.

43. Plaintiff seeks statutory damages for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

44. Plaintiff also seeks punitive damages, attorney fees and costs for this violation pursuant to 15 U.S.C. § 1681n(a)(2), (3).

V. **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands actual damages; statutory damages; punitive damages; costs and reasonable attorney's fees; compensatory damages; declaratory judgment; pre-judgment interest; post-judgment interest; and any and all other relief the Court deems just and appropriate.

Respectfully submitted,

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**Coffman Legal, LLC**
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Telephone: (614) 949-1181
Facsimile: (614) 386-9964
*mcoffman@mcoffmanlegal.com*

*Attorney for Plaintiff*

**JURY DEMAND**

Plaintiff hereby demands a jury trial of twelve (12) persons to hear all issues so triable.

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman