**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| DEBORAH LYNN COOK, | ) CASE NO. 2:19-CV-1161 |
| | ) |
| Plaintiff, | ) CHIEF JUDGE EDMUND A. SARGUS |
| | ) |
| v. | ) MAGISTRATE JUDGE ELIZABETH |
| | ) PRESTON DEAVERS |
| MOUNT CARMEL HEALTH SYSTEM, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**<u>DEFENDANT MOUNT CARMEL HEALTH SYSTEM'S ANSWER
AND DEFENSES TO PLAINTIFF'S COMPLAINT</u>**

Defendant Mount Carmel Health System ("Defendant") hereby submits its Answer and Defenses to Plaintiff Deborah Lynne Cook's ("Plaintiff") Complaint, averring, admitting and denying as follows:

<u>Jurisdiction and Venue</u>

1.  Defendant avers that Paragraph 1 of the Complaint states a legal conclusion to which no response is required, and therefore denies the allegations in Paragraph 1 of the Complaint.

2.  Defendant avers that Paragraph 2 of the Complaint states a legal conclusion to which no response is required, and therefore denies the allegations in Paragraph 2 of the Complaint.

<u>Parties</u>

3.  Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 3 of the Complaint and, therefore, denies the allegations.

4. Defendant avers that Mount Carmel Health System is an Ohio non-profit corporation that provides healthcare services in the Southern District of Ohio. Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

5. Defendant avers that Paragraph 5 of the Complaint states a legal conclusion to which no response is required, and therefore denies the allegations in Paragraph 5 of the Complaint.

Statement of Facts

6. Defendant avers that Paragraph 6 of the Complaint states a legal conclusion to which no response is required, and therefore denies the allegations in Paragraph 6 of the Complaint.

7. Defendant avers that Paragraph 7 of the Complaint states a legal conclusion to which no response is required, and therefore denies the allegations in Paragraph 7 of the Complaint.

8. Defendant avers that Plaintiff began her employment with Defendant in July 2000 as a registered nurse, that Plaintiff transferred to Defendant's inpatient psychiatric services department at Mount Carmel West hospital in August 2016 and that her employment with Defendant was terminated on or about February 2, 2019. Defendant denies the remaining allegations in Paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Defendant avers that Plaintiff applied for positions with MCHS. Defendant denies the remaining allegations in Paragraph 10 of the Complaint.

11. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 11 of the Complaint and, therefore, denies the allegations.

12. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 12 of the Complaint and, therefore, denies the allegations.

13. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 13 of the Complaint and, therefore, denies the allegations.

14. Defendant avers that Plaintiff was put on a paid administrative leave on or about January 30, 2019. Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

15. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 15 of the Complaint and, therefore, denies the allegations.

16. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 16 of the Complaint and, therefore, denies the allegations.

17. Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18. Defendant avers that following Plaintiff's termination of employment she was required to apply for positions with Defendant as an external candidate and to follow those employment application procedures. Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant avers that Paragraph 24 of the Complaint states a legal conclusion to which no response is required, and therefore denies the allegations in Paragraph 24 of the Complaint.

## FIRST CAUSE OF ACTION – FAILURE TO PROVIDE A CLEAR AND CONSPICUUS WRITTEN DISCLOSURE THAT A CONSUMER REPORT MAY BE OBTAINED FOR EMPLOYMENT PURPOSES

25. Defendant restates the denials, admissions and averments set forth in the preceding paragraphs.

26. Defendant avers that Paragraph 26 of the Complaint states a legal conclusion to which no response is required, and therefore denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant avers that Paragraph 28 of the Complaint states a legal conclusion to which no response is required, and therefore denies the allegations in Paragraph 28 of the Complaint.

29. Defendant avers that Paragraph 29 of the Complaint states a legal conclusion to which no response is required, and therefore denies the allegations in Paragraph 29 of the Complaint.

## SECOND CAUSE OF ACTION – FAILURE TO OBTAIN CONSENT TO PROCURE CONSUMER REPORT

30. Defendant restates the denials, admissions and averments set forth in the preceding paragraphs.

31. Defendant avers that Paragraph 31 of the Complaint states a legal conclusion to which no response is required, and therefore denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant avers that Paragraph 33 of the Complaint states a legal conclusion to which no response is required, and therefore denies the allegations in Paragraph 33 of the Complaint.

34. Defendant avers that Paragraph 34 of the Complaint states a legal conclusion to which no response is required, and therefore denies the allegations in Paragraph 34 of the Complaint.

THIRD CAUSE OF ACTION – FAILURE TO PROVIDE PRE-ADVERSE ACTION NOTICE – COPY OF REPORT

35. Defendant restates the denials, admissions and averments set forth in the preceding paragraphs.

36. Defendant avers that Paragraph 36 of the Complaint states a legal conclusion to which no response is required, and therefore denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant avers that Paragraph 38 of the Complaint states a legal conclusion to which no response is required, and therefore denies the allegations in Paragraph 38 of the Complaint.

39. Defendant avers that Paragraph 39 of the Complaint states a legal conclusion to which no response is required, and therefore denies the allegations in Paragraph 39 of the Complaint.

FOURTH CAUSE OF ACTION – FAILURE TO PROVIDE PRE-ADVERSE ACTION NOTICE – SUMMARY OF RIGHTS

40. Defendant restates the denials, admissions and averments set forth in the preceding paragraphs.

41. Defendant avers that Paragraph 41 of the Complaint states a legal conclusion to which no response is required, and therefore denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 43 of the Complaint and, therefore, denies the allegations.

44. Defendant avers that Paragraph 44 of the Complaint states a legal conclusion to which no response is required, and therefore denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the unnumbered paragraph following Paragraph 44 of the Complaint.

46. Defendant denies each and every allegation in the Complaint not specifically admitted herein to be true.

47. Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint.

## **FIRST DEFENSE**

48. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted because Defendant did not violate the Fair Credit Reporting Act ("FCRA").

## **SECOND DEFENSE**

49. Plaintiff's claims are barred, in whole or in part, because reasonable procedures were undertaken to assure compliance with FCRA.

## **THIRD DEFENSE**

50. Plaintiff failed to mitigate her damages, if any.

**FOURTH DEFENSE**

51. Plaintiff's Complaint fails to state a claim for which compensatory and/or punitive damages and/or attorneys' fees or expenses may be granted.

**FIFTH DEFENSE**

52. Plaintiff's alleged damages, if any, are speculative and uncertain and therefore not compensable.

**SIXTH DEFENSE**

53. Defendant acted at all times in good faith and without malice, willfulness, or reckless indifference, barring any recovery of punitive or exemplary damages by Plaintiff.

**SEVENTH DEFENSE**

54. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not identified any reasonable accommodation that Plaintiff was entitled to and/or denied.

**EIGHTH DEFENSE**

55. Any damages Plaintiff has suffered have resulted, in whole or in part, from her own conduct and/or the conduct of third parties.

**NINTH DEFENSE**

56. Plaintiff invited or consented to the actions of which she now complains.

**TENTH DEFENSE**

57. Defendant accessed Plaintiff's consumer report in compliance with 15 U.S.C. § 1681b.

**ELEVENTH DEFENSE**

58. Defendant had a legitimate business need for the consumer report information.

**TWELFTH DEFENSE**

59.     Defendant did not obtain any information under false pretenses.

**THIRTEENTH DEFENSE**

60.     Defendants reserve the right to add additional affirmative defenses that come to light during discovery.

WHEREFORE, Defendant, having responded to the allegations in Plaintiff's Complaint, hereby demands judgment in its favor, that this case be dismissed with prejudice and that Defendant recover its attorneys' fees and costs herein expended and such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ M.J. Asensio
M. J. Asensio (0030777), Trial Attorney
Samuel E. Endicott (0094026)
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
Telephone: (614) 228-1541
masensio@bakerlaw.com
sendicott@bakerlaw.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2019, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Plaintiff's counsel.

/s/ M.J. Asensio
*An Attorney for Defendant Mount Carmel Health System*